Diego Rodriguez, Esq.
**RODRIGUEZ LAW OFFICE PLLC**
State Bar No. #016733
Rodriguez Law Office PLLC
330 N. 2nd Avenue
Phoenix, Arizona 85003
Telephone (602)535-9904
*Attorney for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>vs.<br><br>Francisco Alberto Yslas<br>                              Defendant | No.  CR-24-00344-DJH-2<br><br>**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT** |

Comes now the Defendant Francisco Alberto Yslas, by and through his undersigned attorney, and hereby files these objections to the final presentence report (hereinafter "PSR") disclosed in this matter.

## Discussion

The recommended sentence in this case is based upon a Total Offense Level 26 and a Criminal History Category I. PSR at 19.  However, because the author of the PSR has recommended three sentencing enhancements without sufficient evidence to support their inclusion in the offense level calculation, the recommended sentence is unreasonable and should be rejected.

**I.**

## OBJECTIONS TO DRAFT PRESENTENCE REPORT

**First Objection:**

Because the government cannot meet its burden of proof in support of the recommended base offense level this Court should reject it.  Mr. Yslas objects to paragraph 24 of the PSR, Base Offense Level, on the grounds that it incorrectly recommends a base offense level of 20.    According to paragraph 24:

> The Base Offense Level is 20 because the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine and the defendant was a prohibited person at the time the defendant committed the instant offense.  U.S.S.G. §2K2.1(a)(4)(B)(i)(I) and (a)(4)(B)(ii)(I).

Contrary to the conclusion stated in that paragraph, there is no evidence to support the statement that the subject weapon "…is capable of accepting a large capacity magazine..." as defined by the sentencing guidelines. The application note for this section of the guidelines clearly states:

> a semiautomatic firearm that is capable of accepting a large capacity magazine means a semiautomatic firearm that has the ability to fire many rounds without reloading because ***at the time of the offense (A) the firearm had attached to it a magazine or similar device that could accept more than 15 rounds of ammunition; or (B) a magazine or similar device that could accept more than 15 rounds of ammunition was in close proximity to the firearm.***

U.S.S.G. §2K2.1, n.4. (emphasis added).  Simply put, there is no evidence to support the finding that the subject weapon falls under either of these scenarios.  The author has simply assumed the presence of a high-capacity magazine that was either attached to or in close

proximity to the subject weapon. Thus, since there is no factual support for this paragraph of the PSR, this Court should reject it and the attendant offense level calculation.

Further, there is also insufficient evidence to support the conclusion that "the defendant was a prohibited person at the time he committed the instant offense." PSR, *Id.* The PSR writer's conclusion that Mr. Yslas was an illegal user of cocaine is based entirely upon his statement to the agents that he was addicted to cocaine (PSR ¶11) However, that ambiguous statement is not sufficient evidence to support the finding that the was a prohibited possessor at the time of the offense. While the PSR documented Mr. Yslas admission that he was a cocaine addict, the underlying investigation did not document any evidence that he had used cocaine at or even near the time of the offense, so the enhancement is not applicable. The holding in *United States v. Wilson*, 979 F.3d 889 (11th Cir. 2020), is instructive on this point of law,

> In applying the prohibited-person base offense level premised on unlawful drug use, we have held that a defendant is an "unlawful user" of a controlled substance so long as his use is "ongoing and contemporaneous with the commission of the offense." *United States v. Edmonds*, 348 F.3d 950, 953 (11th Cir. 2003) (quotation marks omitted). The government need not show that Wilson "was under the influence of an illegal drug at the exact same time he possessed [the] firearm" or "at the time of his arrest." See id. (quotation marks omitted). The government must simply show that "the defendant was an 'unlawful user' of a controlled substance during the same time period as the firearm possession." Id.

*Wilson*, at 917. Unlike the defendant in Wilson, *Mr. Yslas only admitted to being addicted to cocaine*. At best, that admission only establishes his subjective believe that he had developed a dependency on cocaine, however, that statement does not establish his use was

ongoing and contemporaneous with the commission of the offense because the statement does not provide any information to establish his pattern of use before, after, or on the day of the offense.  Mr. Yslas objects to paragraph 20 of the PSR report on the basis that there is insufficient proof of both the presence of a high-capacity magazine and no evidence that his cocaine use was ongoing and contemporaneous with the offense. He asks this Court to reject the recommended enhancement.

**Second Objection:**

Mr. Willsey next objects to paragraph 26 of the PSR, Specific Offense Characteristic.   That   paragraph   of   the   PSR   states,   "Pursuant   to   U.S.S.G. §2K2.1(b)(6)(C)(i)(III), five levels are added as the defendant transported, transferred, sold or otherwise disposed of or purchased or received with the intent to transport, transfer, sell, or otherwise dispose of two or more firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who intended to use or dispose of the firearms unlawfully, to wit, he directly transferred four firearms to Villareal with the belief that Villareal planned on smuggling the firearms to Mexico…".  The specific finding in PSR ¶ 26 is that Mr. Yslas "…transferred four firearms to Villareal with the belief that Villareal planned on smuggling the firearms to Mexico. This finding is not supported by the facts in the PSR.  Once again PSR ¶ 11 is the focus of this recommended enhancement.  However, the facts contained in paragraph 11 do not support the application of the enhancement because while Mr. Yslas did purchase 5 weapons as various times, he admitted to the agents that he delivered a single firearm to Villareal by placing in the trunk of his car. *He also only admitted that he believed that single firearm went to Mexico*. He

made no statements about any other firearms he had purchased during the investigation. In fact, Mr. Yslas did not state that he knew or believed Villareal or anyone else would smuggle that single firearm into Mexico, nor did he say why he believed the gun went to Mexico. Again, the recommended specific offense characteristic found in paragraph 26 is not supported by facts of this case and it should be rejected.

**Third Objection:**

Mr. Yslas next objects to paragraph 27 of the PSR, Specific Offense Characteristic. That paragraphs states, "Four levels are added as the defendant possessed any firearm or ammunition with knowledge, intent, or reason to believe that would be transported out of the United States. Specifically, the investigation revealed the defendant told agents during his interview he believed the firearms would be transported to Mexico." The arguments made in the prior objection are incorporated here by reference in the interest of judicial economy. However, the Court should also note that Mr. Yslas purchased the weapons to pay off a debt that he owed to Villareal and because he also believed his life would be in danger if he did not make the purchases. So, at the times that he possessed the firearms he did so only with the limited knowledge it would help settle his debt and preserve his personal safety. See PSR ¶11. Again, there is an insufficient factual basis for this recommended specific offense conduct adjustment and it should be rejected.

**Fourth Objection:**

Mr. Yslas objects to paragraphs 32 and 36 of the PSR. Based upon the previous objections, Mr. Yslas submits that his Adjusted Offense Level as stated in paragraph 32 should be calculated as follows:

Base Offense Level-12 U.S.S.G. §2K2.1(a)(7).

Specific Offense Characteristic- add two levels pursuant to U.S.S.G. §2K2.2(b)(1)(A)

Specific Offense Characteristic-subtract two levels pursuant to U.S.S.G. §2K2.1(b)(10)(A),(b)(10)(B), and (b)(10)(C)(i)

Adjusted Offense Level (Subtotal) 12

Mr. Yslas also submits that his Total Offense Level as stated in paragraph 39 should be calculated as offense level 10 after two levels are subtracted as correctly stated in paragraph 34 of the PSR.

## Conclusion

For the foregoing reasons, Mr. Yslas respectfully asks this Court to sustain his objections to the Presentence Report in this case.

DATED this 27th day of January, 2026.

**RODRIGUEZ LAW OFFICE PLLC**

By   s/Diego Rodriguez
          Diego Rodriguez
          *Attorney for Defendant*

# CERTIFICATE OF MAILING

I hereby certify that on January 27, 2026, I electronically transmitted **OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT** to the Clerk of the U.S. District Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the proper CM/ECF registrant in this matter.

By  s/ Diego Rodriguez