TIMOTHY COURCHAINE
United States Attorney
District of Arizona
SHEILA PHILLIPS
Assistant U.S. Attorney
Michigan State Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-00344-PHX-DJH-002 |
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFNDANT'S OBJECTIONS TO THE PSR AND SENTENCING MEMORANDUM** |
| vs. | |
| 2. Francisco Alberto Ibarra, | |
| Defendant. | |

The United States hereby responds to Defendant's Objections to the Presentence Report (PSR) (Doc. 133), asking the Court to principally deny his objections but to exercise caution before applying both USSG § 2K2.1(b)(5)(c)(III) and § 2K2.1(b)(6)(A) based on the facts in this case.

## I. Sentencing Guidelines

The Presentence Report (PSR) calculates Defendant's guideline range at 63 to 78 to months in prison with a Total Offense Level of 26 and CHC I. PSR at 19. Defendant's base level was properly determined as base level 20 pursuant to USSG §2K2.1(a)(6) because the offense conduct involved a semi-automatic firearm with a high-capacity magazine and he was a prohibited possessor based on his regular cocaine use. The government agrees that base level 20 is the appropriate base level under USSG §§ 2K2.1(a)(4)(B)(i)(I) and (a)(4)(B)(ii)(I). Defendant, however, disagrees and objects. *See*

Doc. 133.

Defendant also objects to both the 5-level enhancement under USSG § 2K2.1(b)(5)(c)(III) (PSR ¶ 25) and the 4-level enhancement under USSG § 2K2.1(b)(6)(A). (PSR ¶ 26). The United States believes the Court can apply either of these enhancements based on the facts but need not apply both. To do so may constitute impermissible double-counting and the government is unaware of any clear Ninth Circuit precedent on this issue, which was <u>not</u> raised in Defendant's objections to the PSR.

The PSR recommends a downward variance to 35 months incarceration to avoid sentencing disparities between co-defendants and provide just punishment. PSR at 19-20. The United States agrees this is an appropriate sentence under the calculated guidelines guideline range of 63 to 71 months. This range assumes both the 5-level enhancement for firearms trafficking under USSG § 2K2.1(b)(5)(c)(i)(III) (PSR ¶ 25) and the 4-level, export enhancement under USSG § 2K2.1(b)(6)(A). If the Court elects to score only the 4-level enhancement based on Defendant's belief the firearms would likely be transported to Mexico, assuming a base level of 20 and the other uncontested enhancements, Defendant's guidelines would be 31 to 46 months. The Plea Agreement would cap his sentence at 31 months, which would still result in an appropriate and just sentence.

## II.     Defendant's Offense Base Level is 20

Under USSG §2K2.1(a)(4)(B)(I), a base level of 20 is warranted if two factors exist: 1) the offense involved a semiautomatic firearm that can accept a large capacity magazine; and 2) the defendant was a prohibited possessor. Here, both are the case.

### a.     *Defendant purchased/possessed a Semi-Automatic Rifle with a 30-round Magazine*

On June 29, 2023, Defendant purchased a Century Arms VSKA, semi-automatic firearm sold with a 30-round magazine, that was attached to the firearm with a plastic tie, at Jones & Jones, a federal firearm licensee (FFL) in Somerton, Arizona. *See* Exhibit 1 (The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Report of Investigation Regarding the Firearm Interdiction and Defendant's ATF Form 4473 used to purchase the

firearm).  According to an employee of the FFL, Defendant placed this firearm in the trunk of a Kia, that ATF determined was driven by Jose Luis Villarreal Jr, his codefendant.  ATF seized the firearm, which it found in the trunk of the white Kia. The 30-round magazine was still attached to the firearm with a plastic tie.  *See Id*, (Pictures of the semi-automatic firearm and the attached 30-round magazine).   SA Kyle Dandoy confirmed that Jones & Jones sold the semi-automatic firearm with the 30-round magazine.

### b.  *Defendant's Drug Use*

Defendant was addicted to cocaine when he purchased the Century Arms VSKA, semi-automatic firearm and other firearms, which made him a prohibited possessor.  ATF interviewed Defendant on July 1, 2023.  Post-*Miranda*, Defendant admitted that he was addicted to cocaine.  (PSR ¶ 11).   He said he was purchasing firearms to pay down his drug debt.  *Id.*  His brother, Jorge Yslas, also agreed to purchase firearms to help him pay off his drug debt. *Id.*

Defendant told the probation office that he first used cocaine at 18 years old and used it at least once a week until September 2024.  PSR ¶ 53. Defendant indicated he spent approximately $500 a month on cocaine.  *Id.*   He also admitted to sometimes using methamphetamine and marijuana up until September 2024.  *See* PSR ¶¶ 54 and 55.

Defendant's illegal firearm purchases occurred between April 19, 2023 and June 29, 2023 – or during the time of his admitted addiction and regular cocaine use.  Additionally, on October 2, 1024, Defendant entered residential treatment at Crossroads for cocaine and alcohol dependency, confirming the information he provided to ATF. See PSR ¶ 56.

### c.  *Conclusion*

Based on the facts above, Defendant meets both prongs of USSG §2K2.1(a)(4)(B)(I) thus the base level of 20 should apply.

### III.    Impermissible Double-Counting

The United States believes Defendant's actions and statements support either an enhancement under §§ 2K2.1(b)(5)(C) and 2K2.1(b)(6)(B) for the reasons stated in the PSR.  However, Defendant's underlying conduct of purchasing firearms and giving them

to Jose Luis Villarreal, to deliver to Defendant's drug dealer, were the same. Under these case specific facts, both enhancements are based on Defendant's statement that he believed Villarreal or someone else would transport the firearms he purchased to Mexico. Defendant also had reason to know that Villarreal would give the firearms to Defendant's drug dealer because Defendant was paying off his drug debt by purchasing the firearms. The government will address both enhancements in more detail below.

*a. Application of Firearms Trafficking Offense - USSG §2K2.1(b)(5)(C)*

The firearms trafficking enhancement under USSG §2K2.1(b)(5)(C) may apply because Defendant gave the firearms to Villarreal who he knew would dispose of them unlawfully. "To satisfy the unlawful use or disposition prong, the government does not need to prove that the defendant knew 'of any specific felonious plans on the part' of the recipient of the firearms." *United States v. Ilarraza*, 963 F.3d 1, 12 (1st Cir. 2020) (citing *United States v. Marceau*, 554 F.3d 24, 32 (1st Cir. 2009)). The sentencing court may look at circumstantial evidence "and draw plausible inference therefrom" to determine whether a defendant had reason to believe that a firearm was going to be used or disposed of unlawfully. *Id*. The United States must prove by a preponderance that the enhancement applies. *Prieto*, 85 F.4th at 448; *United States v. Francis*,

Here, Defendant bought the firearms to pay off his $2,000 debt to his drug dealer. He also believed Villarreal was coordinating the purchases for his drug dealer –meaning Villarreal would either transport them himself or have them transported to the drug dealer. Defendant also stated that he believed at least one of firearms would be likely transported to Mexico, which eliminates any ambiguity and supports his belief that all four of his firearm purchases would be transported to Mexico. Although Defendant did not specifically state that he knew it was unlawful to smuggle firearms into Mexico or that firearms are illegal in Mexico, sufficient circumstantial evidence exists that he knew these facts. Particularly the latter because Defendant lived in Mexico his entire life. PSR ¶ 11.

b. *Application of Export Enhancement - USSG §2K2.1(b)(6)(A)*

The Defendant also objects to the application of the export enhancement pursuant to USSG §2K2.1(b)(6)(A). However, the PSR properly applied the four-level export enhancement pursuant to USSG §2K2.1(b)(6)(A). The United States Sentencing Guidelines §2K2.1(b)(6)A) applies if the defendant:

> possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the States.

Like the firearms trafficking enhancement, the United States needs to prove by a preponderance of the evidence that the four-level export enhancement applies. *Prieto*, 85 F.4th at 448; *United States v. Francis*, 891 F.3d 888, 896 (10th Cir. 2018); *Marceau*, 554 F.3d at 32. Like the firearms trafficking enhancement, it is only necessary to prove that the defendant had "reason to believe" that his conduct would result in the exportation of a firearm or ammunition out of the United States. *See Ilarraza*, 963 F.3d at 11. It is not necessary for the United States to prove that the trafficked firearms crossed an international border. *Id. See also United States v. Fields*, 608 Fed Appx. 806, 813 (11th Cir. 2015) (noting that firearms trafficking enhancement applies if a defendant transfers a firearm to an undercover officer who tells defendant that he/she is a convicted felon). It is also not necessary to show that a defendant played a direct role in the exportation. *Id*. Rather, the focus of the sentencing court's inquiry should be on the defendant's state-of-mind when determining whether a defendant knew, intended, or had reason to believe that a firearm or ammunition would be exported out of the United States. *Id*. 891 F.3d 888, 896 (10th Cir. 2018); *Marceau*, 554 F.3d at 32. Here, the Court need not guess on Defendant's state of mind since he told ATF agents that he believed the firearm he put in the trunk of the Kai would be transported to Mexico. PSR ¶ 26. As such, the Court should apply the 4-point export enhancement.

    c. *Potential, Impermissible, Double-Counting*

Under the facts of this case, applying both §§ 2K2.1(b)(5)(C) and 2K2.1(b)(6)(B) is

potentially impermissible double-counting. "It is impermissible double-counting when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct and serve identical purposes". *US v. Herrera-Rojas,* 243 F. 3d 1139, 1144 (9th Cir. 2001) (citing *US v. Fisher*, 132 F.3d 1327, 1329 (10th Cir. 1997)) (internal quotations marks omitted). Put another way, "impermissible double-counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines". *US v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007).

Here, Defendant's conduct triggering both provisions is his purchase of firearms for his drug dealer, who used Villarreal to coordinate and deliver his purchases, with Defendant's knowledge the firearm(s) would be transported or would likely be transported to Mexico. Under *Herrera-Rojas* and *Holt*—both Ninth Circuit cases, the Court should exercise caution in applying both enhancements to the facts at bar because they are based on the same, underlying conduct.

Here, the probation office believes both enhancements apply and does not constitute double counting. Other circuits have upheld counting both enhancements since the enhancements target different harms. First, USSG §2K2.1(b)(5) relates to the transfer of a firearm to someone who intends to use or dispose of the firearm unlawfully such as an individual in Mexico and/or Mexican cartels. This enhancement was upheld in *U.S. v. Garcia,* 635 F.3d 472 (10th Cir. 2011) where the defendant acted as a "straw buyer" of nineteen firearms all of which were types of weapons that the Mexican drug cartels actively seek in the United States. Second, USSG §2K2.1(b)(6)(A), relates to the possession or transfer of any firearm with reason to believe that it would be transported out of the United States. In *U.S. v. Asant*e, 782 F.3d 639 (11th Cir. 2015) the defendant knew the firearms he obtained were being shipped to Jamaica. Both enhancements (USSG §2K2.1(b)(5) and (b)(6)) were applied in the *Asante* case and upheld and not impermissible double-counting because the two enhancements were aimed at different harms.

### IV. United States Sentencing Recommendation

The United States requests a sentence of no more than 31 months imprisonment, slightly less than the 35 months recommended in the PSR. *See* PSR at 19-20. If the Court finds that the applicable guideline range is 31 to 46 months, the government does not object to slightly lower sentence.

Defendant's criminal behavior was not isolated. Defendant illegally purchased 4 firearms for his drug dealer – knowing they could be used in crimes and would likely be transported to Mexico. He made the straw purchases to fund his drug habit as he admitted he was using cocaine about once a week at the time and owing his dealer approximately $2,000. *See* PSR¶¶ 57-60. He also lied on multiple ATF Form 4473 about being the actual purchaser and denied his drug use. Unlike his codefendants, he recruited his brother to make a straw purchase to help pay off his debt.

To Defendant's credit, he seems willing to address his drug addiction and successfully completed treatment at Crossroads. The current case also constitutes his first felony conviction. As such, the United States believes a sentence of no more than 31 months is sufficient but not greater necessary to promote 18 U.S.C. §3553 factors.

### V. Conclusion

Based on the above, the United States respectfully request the Court sentence Defendant to no more than 31 months followed by 3 years of supervised release.

Respectfully submitted this 28th day of January, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Sheila Phillips*
SHEILA PHILLIPS
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Diego Rodriguez, *Counsel for Defendant*


*s/ Sheila Phillips*
U.S. Attorney's Office